UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: CV 10-5588-GAF (MAN)                  Date: November 8, 2011

Title:    Jerome O. Dixon v. John Marshall, Warden
===============================================================================
DOCKET ENTRY:       ORDER TO SHOW CAUSE RE: DISMISSAL FOR MOOTNESS
===============================================================================
PRESENT:

           Hon. Margaret A. Nagle, United States Magistrate Judge

           Earlene Carson                      N/A
           Deputy Clerk                         Court Reporter/Tape No.

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENTS:

   N/A                                                 N/A

**PROCEEDINGS (In Chambers):**

On March 26, 2010, Petitioner filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Northern District of California, which alleges a single claim ("Petition"). In brief, Petitioner asserts that the California Board of Parole Hearings erred in finding Petitioner to be unsuitable for parole on June 3, 2008. Petitioner contends that, because he allegedly is innocent of the crime of which he was convicted and his confession was illegally coerced, the California Board of Parole Hearings should not have found that he poses an unreasonable risk of danger to public safety.

On July 26, 2010, the Petition was ordered transferred to this district. The parties thereafter filed their briefs, and the case is under submission to the Court.

On October 21, 2011, Petitioner filed a notice of change of address, which indicated that he "currently reside[s] in Los Angeles" and is utilizing a Los Angeles post office box for his address of record. On October 28, 2011, Respondent filed various notices and lodged documents. An Offender Based Information System printout generated on October 26, 2011 (*see* Docket Entry 16 and related lodged document) establishes that, on October 17, 2011, Petitioner was paroled.

A case becomes moot when it no longer satisfies the case or controversy requirement of Article III, Section 2 of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998). The case or controversy requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceedings. *Id.* "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id. (quoting* Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 11-4862-ODW (MAN)                                              Date: November 8, 2011

A habeas petition is moot when petitioner's claim for relief cannot be redressed by a favorable decision of the habeas court issuing a writ of habeas corpus.  *See* Spencer, 523 U.S. at 7, 118 S. Ct. at 983; Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005).  "The question is whether there can be any effective relief."  Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001); *see also* NASD Dispute Resolution, Inc. v. Judicial Council of State of Calif., 488 F.3d 1065. 1067 (9th Cir. 2007) (whether a case or controversy remains depends on whether the court can give the litigant "'any effective relief in the event that it decides the matter on its merits in his favor'")(citation omitted).

Even if, *arguendo*, Petitioner could prevail on the habeas claim alleged in the Petition,[1] the only relief he could receive is "a redetermination by the Board consistent with the state's 'some evidence' requirement, not the right to release on parole."  Haggard v. Curry, 631 F.3d 931, 937 (9th Cir. 2010).  As Petitioner has been released on parole, no such redetermination by the Board of Parole Hearings is needed or even feasible.

In addition, Petitioner is subject to the lifetime parole supervision requirements of California Penal Code § 3000.1, because the second degree murder of which he was convicted was committed after January 1, 1983.  *See* In re Chaudhary, 172 Cal. App. 4th 32, 34, 90 Cal. Rptr. 3d 678, 679 (2009).  Under California law, the time Petitioner spent imprisoned after the allegedly wrongful denial of parole in 2008 cannot be credited toward the five-year discharge provision of California Penal Code § 3000.1.  Chaudhary, 172 Cal. App. 4th at 37, 90 Cal. Rptr. 3d at 681-82; *see also* In re Gomez, 190 Cal. App. 4th 1291, 1310, 118 Cal. Rptr. 3d 900, 914 (2010) (same).  This Court, therefore, cannot order a reduction in Petitioner's parole term through a grant of habeas relief.  *See, e.g.,* Masoner v. Kane, 2011 WL 863289, at *4 (C.D. Cal. Feb. 17, 2011) (collecting cases and finding that a habeas petition -- brought by a prisoner convicted of second degree murder in 1987, and who had been released on parole -- was moot, because the Court could not credit any extra time served in prison against the petitioner's parole term), *adopted by* 2011 WL 863013 (C.D. Cal. March 10, 2011); Jandu v. Salazar, 2010 WL 5625070, at *1-*2 (C.D. Cal. Dec. 2, 2010) (also finding that a petitioner subject to a lifetime parole term could not receive habeas relief reducing his parole term based on allegedly excess time served in prison), *adopted by* 2011 WL 202195 (C.D. Cal. Jan. 19, 2011).

Due to Petitioner's release on parole, there is no relief this Court can grant him.  As a result, he no longer has any legally cognizable interest in the resolution of the Petition, and the Petition is moot.  *See* Thelander v. Kane, 2011

---

[1]   In fact, if the Court were to resolve the Petition on its merits, it would recommend that federal habeas relief be denied, because the Supreme Court's decision in Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859 (2011) (*per curiam*), forecloses such relief.  Cooke has clearly established that the *only* federal habeas claim available to a California prisoner found unsuitable for parole is a procedural one, *i.e.,* a claim that the prisoner was not afforded an opportunity to be heard and/or given a statement of the reasons why parole was denied.  Cooke, 131 S. Ct. at 862.  Petitioner does not make such a claim nor could he, as the record plainly forecloses any such contention.  (*See* copy of June 3, 2008 hearing transcript appended to the Petition, *passim*.)  However, given the apparent mootness of the Petition, it appears that the Court should refrain from a merits resolution of Petitioner's claim.

MINUTES FORM 11                                                                                          Initials of Deputy Clerk __efc___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 11-4862-ODW (MAN)                                     Date: November 8, 2011

WL 108341, at *1 (9th Cir. Jan. 11, 2011) (because the Board of Parole Hearings found the petitioner eligible for parole, he had received the only relief to which he was entitled and his claim was moot).

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed, without prejudice, on the ground of mootness.  **By no later than November 22, 2011**, Petitioner shall file and serve a Response to this Order in which he states whether or not he concedes that this case is moot and should be dismissed on that ground.  If Petitioner disputes that this case is moot, he must explain, in detail, why his case is not moot.  If Petitioner concedes that the case is moot and may be dismissed, he simply may file and serve a Fed. R. Civ. P. 41(a)(1) Notice of Dismissal form.  The Clerk is directed to send to Petitioner, with this Order, a copy of Form CV-09 (Notice of Dismissal), should Petitioner wish to dismiss this action.

**Petitioner is cautioned that a failure to timely respond to this Order will be deemed to constitute a concession that the Petition is moot and should be dismissed.**

IT IS SO ORDERED.

MINUTES FORM 11                                                                              Initials of Deputy Clerk __efc___
CIVIL - GEN